| | USDC-SDNY |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 2/17/2021 |

JENISA ANGELES, *on behalf of herself and all others similarly situated*,

                  Plaintiff,

v.

AMIGOFOODS CORP.,

                  Defendant.

No. 20-CV-8967 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Jenisa Angeles brings this action alleging violations of the Americans with Disabilities Act. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed the complaint in this action on October 27, 2020. Dkt. 1. On October 30 2020, the Court ordered the parties to submit a joint letter requesting that the Court either (1) refer the case to mediation or a magistrate judge (and indicate a preference between the two options), or (2) schedule an initial status conference in the matter within forty-five days of the service of the summons and complaint. Dkt. 5. Plaintiff did not file proof of service on the docket. On January 11, 2021, having received no response from the parties, the Court ordered Plaintiff to file a letter updating the Court on the status of this case by no later than January 25, 2021. Dkt. 6. The Order stated that if "Plaintiff does not respond to this Order, the Court may dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.*

    When Plaintiff again failed to file proof of service, the Court issued an additional Order on

February 2, 2021, directing her to respond to the Court by no later than February 16, 2021. Dkt. 7. The Order stated, in bolded letters, **"If Plaintiff does not respond to this Order, the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."**

To date, Plaintiff has still not filed proof of service nor responded to any of the Court's orders. Plaintiff has thus failed to comply with the Court's Orders for approximately three and a half months.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in the approximately three and a half months that this case has been pending. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, Plaintiff was on notice that her failure to comply may result in dismissal: the Court's January 11, 2021 Order explicitly warned that this action may be dismissed if she failed to respond. Dkt 6; *see also Mitchell*, 708 F.3d at 468 (affirming district court's dismissal of an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, this case has been pending for approximately three and a half months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Respondent has been minor: this case is at an early stage, and based on the record, it does not appear that Defendant has had any substantive involvement in the case. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially

burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's Orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   February 17, 2021
         New York, New York

Ronnie Abrams
United States District Judge